## S. N. FORSEE *v.* TRUSTEES OF OWENTON.

**Bond—Mere Misdescription in Writing Constable's Bond.**
>  The use of the word "constable" in writing a marshal's bond, being a mere misdescription, it could legally neither enlarge nor diminish the obligor's responsibility.

**Same.**
>  It would be a sufficient bond if the word "constable" in "And in all other things shall faithfully and truly perform the said office of constable etc.," was entirely omitted.

**Same—Liability for Taxes Collected.**
>  The defendant having entered upon his duties, collected taxes in performance thereof, he cannot escape responsibility for failure to properly .pay same over.

APPEAL FROM OWEN CIRCUIT COURT.

July 1, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

By authority of a special act, the marshal of Owenton was authorized to have a deputy, and the office of constable and they were incompatible. The marshal deputized the then constable of Owenton district, J. J. Forsee,, and as required by said enactment, executed bond to the Commonwealth as marshal, that said deputy of D. Conder, marshal of the town of Owenton, should perform several specific duties,

>  "And in all other things shall faithfully and truly execute and perform the said office of constable during his continuance therein."

Now, had the word *marshal* been used in this covenant instead of *constable* there would have been no difficulty in determining the responsibility of the obligors in this bond, for the town taxes collected by said deputy and not paid over, for it was a part of the official duties of the marshal to collect such taxes and his deputy was empowered to perform all the official duties of the principal.

The bond was a marshal's bond to secure the faithful discharge of the duties of such office by the deputy, it was not a constable's bond, therefore it was a mere misdescription to use the word constable instead of marshal in this last covenant, and the misdescription is patent upon the face of the bond, and could legally neither enlarge nor diminish the obligor's responsibility. It could not make them responsible for his acts of constable, nor could it diminish their responsibility for him as a marshal; if the word constable was entirely stricken out, the covenant to perform "said office" "during his continuance therein" would be intelligle as referring to the office of marshal, and perfect in its obligation.

The recitals of the office and duties in the foregoing part of the bond, are as to the office of marshal and its duties, and the words in this last covenant "and truly execute and perform the said office," just preceding the word "constable" referred to the office of marshal and were descriptive of the office and duties to be performed as much so as the word "constable," and being in harmony with the whole tenor of the bond, and the law, and inconsistent with the descriptive word of "constable," they must prevail and the latter be rejected as a misdescription and mere clerical error, patent on the face of the bond.

The bond being for the faithful discharge of the duties of marshal, and the collection of the town tax being a part of the legal duties of such office, and the collection and non-payment on demand being established, and the proceedings regular, the judgment was correct, and therefore it is *affirmed,* with damages.

*Major & Montgomery, for appellant.*

*Lillard, for appellees.*